No. 25-1153

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CASA, INC. et al.,

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Maryland, Case No. 8:25-cv-00201
Before the Honorable Deborah L. Boardman

**PLAINTIFFS-APPELLEES' NOTICE OF INDICATIVE RULING AND MOTION FOR LIMITED REMAND**

In accordance with Federal Rule of Appellate Procedure 12.1, Plaintiffs-Appellees hereby inform the Court that the district court has issued "an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1(a)(3), that it would grant the plaintiffs' motion for a class-wide preliminary injunction, . . . if it had jurisdiction to do so." *See* Order, Exhibit A (ECF 120). Plaintiffs therefore respectfully request that this Court enter a limited remand to allow the district court to grant the motion for class-wide relief, while retaining jurisdiction over the appeal, pursuant to Federal Rule of Appellate Procedure 12.1(b).

1

This motion is supported by good cause based on the following:

1. This case is a challenge to Executive Order 14,160, which purports to deny birthright citizenship to children born in the United States to parents who are present in the United States unlawfully or temporarily. Plaintiffs allege that the Executive Order facially violates the Citizenship Clause of the Fourteenth Amendment and 8 U.S.C. § 1401(a), both of which guarantee citizenship to children born in the United States regardless of their parents' immigration status.

2. On February 5, 2025, the district court issued a universal preliminary injunction barring implementation or enforcement of the Executive Order. *CASA v. Trump*, 763 F. Supp. 3d 723 (D. Md. 2025). The district court concluded that the Executive Order "flouts the plain language of the Fourteenth Amendment to the United States Constitution, conflicts with binding Supreme Court precedent, and runs counter to our nation's 250-year history of citizenship by birth." *Id.* at 743.

3. Defendants filed this appeal of the preliminary injunction and sought to partially stay the injunction as to its scope. The district court and this Court denied stays. *See CASA, Inc. v. Trump*, No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025). Defendants then sought a partial stay from the Supreme Court of the United States, and the Supreme Court granted the stay application. *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (June 27, 2025).

4. In issuing the stay, the Supreme Court stated: "The Government's applications to partially stay the preliminary injunctions are granted, but only to the

extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue. The lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." *Id.* at *15.

5. The Supreme Court's opinion clarified that class actions remain a proper vehicle for seeking broad preliminary injunctive relief against a facially unconstitutional government policy. *Id.* at *9-10. Consistent with that guidance, on June 27, 2025, Plaintiffs filed an amended complaint, a motion for class certification, and a motion for class-wide preliminary injunctive relief in the district court.

6. On July 16, 2025, the district court issued an opinion holding that it lacked jurisdiction to grant Plaintiffs' motion for a class-wide preliminary injunction while this appeal is pending. *CASA, Inc. v. Trump*, No. 25-cv-201-DLB, 2025 WL 1952521, at *3-6 (D. Md. July 16, 2025).

7. At the same time, however, the district court issued an indicative ruling stating that, "[i]f the Fourth Circuit were to remand for the limited purpose of allowing this Court to decide the plaintiffs' motion for a class-wide preliminary injunction, the Court would grant the motion." *Id.* at *5. The Court explained that "[a]n immediate ruling by [the district court] on the pending motion for a class-wide preliminary injunction would promote judicial efficiency and economy because it would enable the Fourth Circuit to consider the merits of a class-wide preliminary

3

injunction sooner rather than later." *Id.* (citing *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999)).

8. Pursuant to Federal Rule of Appellate Procedure 12.1(a), Plaintiffs hereby "promptly notify the circuit clerk" that the district court has issued this indicative ruling.

9. Pursuant to Federal Rule of Appellate Procedure 12.1(b), Plaintiffs request that this Court "remand for further proceedings but retain jurisdiction," so that the district court may issue class-wide relief and so that this Court can resolve the pending appeal on the merits. That would promote judicial economy by allowing this Court to consider the merits of the existing appeal, without needing to further address any questions about the scope of the original injunction left open by the Supreme Court's decision.

10. As contemplated by the plain text of Rule 12.1, courts have recognized this procedure as an appropriate means of proceeding after a district court issues an indicative ruling. *See, e.g.*, *United States v. Lee*, No. 23-11975, 2025 WL 1912444, at *2 (11th Cir. July 11, 2025) (entering a limited remand following an indicative ruling and directing that, "[o]nce the district court has issued its ruling, it shall return the supplemented record to this Court for proper consideration of the appeal").

11. The Committee Notes to Rule 12.1 provide further support for this approach: "[T]he court of appeals may wish to proceed to hear the appeal even after the district court has granted relief on remand; thus, even when the district court

4

indicates that it would grant relief, the court of appeals may in appropriate circumstances choose a limited rather than unlimited remand."

12. Plaintiffs therefore request that the Court grant a limited remand while retaining jurisdiction over the appeal, so that the district court can grant class-wide preliminary injunctive relief.

13. Defendants oppose this motion and plan to file a response.

Respectfully submitted this 17th day of July, 2025.

| | |
|---|---|
| Ama Frimpong-Houser<br>CASA, INC.<br>8151 15th Avenue<br>Hyattsville, MD 20783<br>(240) 485-8844<br>afrimpong@wearecasa.org<br><br>Conchita Cruz<br>Jessica Hanson<br>Zachary Manfredi<br>Dorothy Tegeler<br>Leidy Perez<br>ASYLUM SEEKER ADVOCACY PROJECT<br>228 Park Ave. S., #84810<br>New York, NY 10003-1502<br>(646) 600-9910<br>conchita.cruz@asylumadvocacy.org<br>jessica.hanson@asylumadvocacy.org<br>zachary.manfredi@asylumadvocacy.org<br>dorothy.tegeler@asylumadvocacy.org<br>leidy.perez@asylumadvocacy.org | /s/ William Powell<br>William Powell<br>Mary B. McCord<br>Rupa Bhattacharyya<br>Joseph W. Mead<br>Alexandra Lichtenstein<br>Gregory Briker<br>INSTITUTE FOR CONSTITUTIONAL<br>   ADVOCACY AND PROTECTION<br>GEORGETOWN LAW<br>600 New Jersey Ave. NW<br>Washington, D.C. 20001<br>Phone: (202) 661-6629<br>Fax: (202) 661-6730<br>whp25@georgetown.edu<br>mbm7@georgetown.edu<br>rb1796@georgetown.edu<br>jm3468@georgetown.edu<br>arl48@georgetown.edu<br>gb954@georgetown.edu<br><br>*Counsel for Plaintiffs-Appellees* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 17, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ William Powell<br>
William Powell<br>
Counsel for Plaintiffs-Appellees

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. DLB-25-201 |
| DONALD J. TRUMP, *et al.*, | * | |
| Defendants. | * | |

**ORDER**

For the reasons stated in the memorandum opinion issued today, it is this 16th day of July, 2025, hereby ORDERED:

1. The Court ISSUES an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1(a)(3), that it would grant the plaintiffs' motion for a class-wide preliminary injunction, ECF 98, if it had jurisdiction to do so;

2. The Court DIRECTS the plaintiffs, pursuant to Federal Rule of Civil Procedure 62.1(b) and Federal Rule of Appellate Procedure 12.1(a), to promptly notify the Clerk of the United States Court of Appeals for the Fourth Circuit of the Court's indicative ruling; and

3. The Court HOLDS IN ABEYANCE the plaintiffs' motion for a class-wide preliminary injunction until further direction from the Fourth Circuit.

Deborah L. Boardman
United States District Judge