## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CASA, INC., et al.,

      Plaintiffs-Appellees,

         v.

DONALD J. TRUMP, et al.,

      Defendants-Appellants.

No. 25-1153

## OPPOSITION TO MOTION FOR LIMITED REMAND AND
## CROSS-MOTION TO HOLD MOTION IN ABEYANCE

Defendants-appellants President Donald J. Trump, et al., oppose the motion for a limited remand and, alternatively, ask this Court to hold the motion in abeyance.

Three nationwide injunctions currently prevent enforcement of this Executive Order against anyone in the United States. Plaintiffs' request to remand this fully briefed appeal to allow entry of a fourth, duplicative injunction is unwarranted. Plaintiffs' motion fails to grasp the procedural complexities and prejudice to the defendants that a remand would create, by potentially delaying resolution of the existing appeal and risking that the appeal becomes moot. This Court should deny the motion. If this

Court grants a limited remand, however, it should at a minimum make clear that the district court's jurisdiction is limited to entry of a new classwide injunction and that the court cannot terminate or modify the existing injunction. Alternatively, this Court should hold the motion in abeyance until developments in the three other cases with nationwide injunctions render entry of another injunction of any practical consequence.

1. Plaintiffs obtained a nationwide injunction on February 5, 2025. The defendants appealed on February 11, and the appeal is fully briefed and scheduled for oral argument on September 12, 2025. Now that oral argument is less than two months away, plaintiffs move for a limited remand so that they can obtain *another* nationwide injunction on a *different* rationale.

2. Plaintiffs fail to explain what practical benefit would be obtained from such a remand. Injunctions issued by three other courts currently prevent enforcement of the Executive Order against any of the plaintiffs or the putative class members.

After the *CASA* decision, a new class action was filed and the district court in that case has already issued a class-wide preliminary injunction for a nationwide class, nearly identical to the injunction plaintiffs seek here.

2

*See Barbara v. Trump*, No. 2025 DNH 079P, 2025 WL 1904338, at *16 (D.N.H. July 10, 2025).  The district court's stay of that injunction expired on July 17, and the injunction is currently in force.

Two further nationwide injunctions were issued in cases brought by different groups of states.  *Washington v. Trump*, 765 F.Supp.3d 1142 (W.D. Wash. 2025), appeal pending, No. 25–807 (9th Cir.); *New Jersey v. Trump*, 766 F.Supp.3d 266 (D. Mass. 2025), appeal pending, No. 25–1170 (1st Cir.). While the Supreme Court has stayed those injunctions "to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue," *CASA, Inc.*, 2025 WL 1773631, at *15, the Court declined to decide whether the States had standing, *id.* at *4 n.2, or whether nationwide relief was necessary, *id.* at *12.  Yesterday, a divided panel of the Ninth Circuit affirmed that nationwide injunction, and the entire putative class in this case remains protected by the injunction. *Washington v. Trump*, No. 25–807, 2025 WL 2061447 (9th Cir. July 23, 2025). Until the First Circuit or the district court addresses these issues, the class is also protected by that injunction.

Given these three other preliminary injunctions, plaintiffs have failed to identify why a fourth, redundant injunction is warranted.

3

3. Plaintiffs' motion fails to address the complicated procedures required by their proposed remand, which would expend, rather than conserve, judicial resources.

Plaintiffs appear (at 4-5) to be under the misimpression that after the limited remand, the district court's subsequent order would automatically be before this Court. But that is not how limited remands under Federal Rule of Appellate Procedure 12.1 work. The district court would have authority to take action, and this Court would retain jurisdiction over the appeal of the February 5, 2025 injunction, but any subsequent order issued by the district court would need to be separately appealed to come before this Court. *See, e.g.*, *S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 302 (4th Cir. 2008) (discussing how new appeals were taken from the orders on remand); *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922, 924 (7th Cir. 2019) (holding that "[o]nce the district court has complied with this limited remand" by issuing a new injunction, "both sides should file new notices of appeal and propose a schedule for new briefs"); Fed. R. App. P. 12.1 commentary ("[L]itigants should bear in mind the likelihood that a new or amended notice of appeal will be necessary in order to challenge the district court's

4

disposition of the motion."); 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3958.10 (5th ed.) ("a litigant aggrieved by the disposition of a motion following a remand should timely appeal that ruling").

There is a fundamental difference between courts of appeals "retain[ing] jurisdiction while making a limited remand for additional findings or explanations"—which does not involve the district court issuing new appealable orders and instead "provide[s] the basis for deciding the appeal already taken," *see* 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3937.1 (3d ed.), and courts of appeals remanding under Federal Rule of Appellate Procedure 12.1, which contemplates—like here— the entry of a new, appealable order, *see id.* § 3958.10.

A new appeal from a new district court injunction granting classwide relief could not practicably be consolidated with the existing appeal so as to be heard at the scheduled September 12 oral argument. Any such appeal would raise novel, complicated, and important issues about class-action law that have not yet been considered by, or briefed in, this Court. That briefing could not, and should not, take place on an extraordinarily expedited schedule. The existing appeal would thus need to continue unconsolidated with any new appeal. It seems inadvisable to remand for

entry of an additional classwide injunction that would result in a second appeal before this Court, without any determination that such relief would have any practical impact given the other pending, nationwide injunctions.

4. Remand is particularly unjustified in light of the potential for significant prejudice to the defendants from any district court injunction that has the effect of delaying or mooting the existing appeal. Although the government opposes any remand, at a minimum, any remand should be limited in order to prevent the district court from modifying or terminating the existing injunction or taking any other action that would moot or delay the existing appeal. *See, e.g.* Wright & Miller, *supra,* § 3958.10 ("the court of appeals has discretion concerning whether to remand and on what terms").

If the district court were limited on remand to issuing a second, separate preliminary injunction on a classwide basis, such an injunction would not moot the existing appeal. Any remand should thus be limited accordingly.

But if this Court's remand order permitted the district court to enter an injunction that purports to modify or replace the current injunction on appeal, that could moot in whole or in part the current appeal of the preliminary injunction already entered. Plaintiffs' suggestion (at 4) that

6

this Court would not "nee[d] to further address any questions about the scope of the original injunction," seems to imply that they believe the existing appeal (or parts of it) would be mooted by the remand, a result that would be significantly detrimental to the defendants. Plaintiffs have failed to justify any benefits of a new injunction which would justify the significant prejudice from mooting or delaying the existing appeal.

5. Timely resolution of the existing appeal is critical to the government's ability to promptly seek Supreme Court review. All nine Justices in *CASA* stressed the need for the Supreme Court to ultimately decide the legality of this Executive Order, and to do so promptly. *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *14 n.18 (U.S. June 27, 2025) (discussing the Solicitor General's representation that he would seek certiorari); *id.* at *44 (Sotomayor, J., dissenting) (encouraging "lower courts" to "enable this Court's prompt review."); *id.* at *52 (Jackson, J., dissenting) ("Other prudential concerns are better addressed … by encouraging lower courts to expedite their review, thereby teeing the merits up for this Court as quickly as possible.").

Granting a remand that would allow entry of a new injunction that mooted in whole or in part the current appeal, thereby delaying this

7

Court's resolution of the merits and subsequent Supreme Court review, would be at odds with those clear instructions.

6.  Defendants alternatively request that this Court hold the motion in abeyance until such time as there are no longer other operative nationwide injunctions protecting plaintiffs' members.  Given the potential prejudice to the defendants from a remand, this Court could hold the motion in abeyance until such time as developments in other cases have rendered the benefits of a remand more substantial.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MᴄARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
BRAD HINSHELWOOD

 *s/ Derek Weiss*
Derek Weiss
(202) 616-5365
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Room 7230*
  *Washington, DC 20530*

JULY 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume

requirements set out in Rule 27(d)(2)(A) because it contains 1,457 words.

This motion was prepared using Microsoft Word in Book Antiqua, 14-point

font, a proportionally spaced typeface.

*s/ Derek Weiss*
Derek Weiss