No. 25-1153

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CASA, INC. et al.,

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Maryland, Case No. 8:25-cv-00201
Before the Honorable Deborah L. Boardman

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF THEIR MOTION FOR LIMITED REMAND AND OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO HOLD PLAINTIFFS' MOTION IN ABEYANCE**

Plaintiffs-Appellees' request to this Court is modest: that the Court retain jurisdiction over this appeal but issue a limited remand to allow the district court to enter a preliminary injunction on a class-wide basis. This approach is blessed by the Federal Rules, *see* Fed. R. App. P. 12.1(b); would expedite resolution of the litigation; and is the path preferred by the district court. The limited remand will facilitate, rather than frustrate, this Court's consideration of the current appeal. Plaintiffs' motion for limited remand should be granted immediately, not held in abeyance.

1

1. There is much on which the parties agree. Plaintiffs agree with Defendants that a limited remand to allow the district court to issue a class-wide preliminary injunction would not moot this appeal. Defs.' Opp. 6. Plaintiffs also agree with Defendants that there is no need to move the September 12 oral argument date. Plaintiffs propose that the Court retain jurisdiction while granting a limited remand for the district court to enter its class-wide preliminary injunction expeditiously. Defendants can, if they so choose, file a new notice of appeal from that order. That subsequent appeal could then be consolidated with the present appeal. Following consolidation, the Court could order expedited briefing limited to the class-wide scope of relief, which can be completed quickly before the Court hears oral argument on September 12, given that the merits are already fully briefed. This process will conserve judicial resources and significantly expedite resolution of the issues in this case.

2. The district court's indicative ruling was procedurally proper. Rule 12.1 was designed for this situation. Rule 12.1 and its counterpart, Federal Rule of Civil Procedure 62.1, codified courts of appeals' longstanding practice of entering a limited remand while retaining jurisdiction over an appeal, when necessary to address subsequent developments in the facts or the law. As this Court noted before Rule 12.1, "[e]fficiency counsels for [an] initial determination by the district court" in most instances, and a limited remand procedure "both assists the parties and aids the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999). The

Department of Justice, which proposed the rule amendment that ultimately became Rule 12.1, noted the utility of an indicative ruling "when the law has changed subsequent to judgment" and "when there is an interlocutory appeal and the district court's ruling is needed on a matter relating to the issues on appeal." Letter from Seth P. Waxman, Solicitor General of the United States, to Hon. William L. Garwood, Chair, Advisory Committee on Appellate Rules, at 3 (Mar. 14, 2000), *available at* https://www.uscourts.gov/sites/default/files/fr_import/AP2001-04.pdf (letter begins at page 375 of PDF). The Department emphasized that "[t]he district court, being familiar with the case, is often in the best position to evaluate a motion's merits quickly." *Id.*

3. Here, the district court expressly invoked Rule 62.1 to address developments in the case and in the law since it issued the February preliminary injunction. The district court's February 5, 2025, preliminary injunction provided universal relief, as then-binding precedent from this Court permitted. *E.g.*, *HIAS, Inc. v. Trump*, 985 F.3d 309, 326-27 (4th Cir. 2021). The Supreme Court subsequently changed the law, holding that universal injunctive relief is not available under the Judiciary Act of 1789 unless necessary to provide complete relief to a plaintiff. *Trump v. CASA*, 145 S. Ct. 2540 (2025). At the same time, however, the Supreme Court clarified that class actions remain a proper vehicle for seeking broad preliminary injunctive relief against a facially unconstitutional government policy. *Id.* at 2555-56. Following the Supreme Court's instructions, Plaintiffs-Appellees filed an amended

3

complaint adding class allegations and sought a class-wide preliminary injunction. A remand to the district court would allow it to address these subsequent developments in the first instance. This limited remand could be resolved quickly, and Plaintiffs do not oppose expediting Defendants' appeal from the new preliminary injunction or consolidating it with the appeal in this case.

4. Defendants argue that a partial remand is unnecessary because other courts have also determined that Executive Order No. 14,160 is unconstitutional and issued broad relief to prevent irreparable harm to plaintiffs in other cases. Defs.' Opp. 2-3. Those cases may be subject to further appeal, and Plaintiffs here need not rely on other litigation when they have brought their own. *See, e.g.*, 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 10:33 (6th ed. 2025) ("[N]either the filing of a class action nor even the grant of a class certification motion has any formal effect on litigation elsewhere."). Whether the district court should exercise its discretion to issue a preliminary injunction under these circumstances is a choice best made by the district court, which has indicated that it would issue a new class-wide preliminary injunction if it had jurisdiction to do so. Respect for the district court thus counsels in favor of allowing it to enter its proposed ruling.

5. The parties agree that "[i]f the district court were limited on remand to issuing a second, separate preliminary injunction on a classwide basis, such an injunction would not moot the existing appeal." Defs.' Opp. 6. Rather, Defendants could file a separate appeal from that separate injunction, and that appeal could be

consolidated with this one. That would save judicial resources by allowing this Court to address the class-wide injunction and, if that injunction is sustained, avoid consideration of issues relating to the scope of the original injunction. *United States v. Maldonado-Rios*, 790 F.3d 62, 65 (1st Cir. 2015) (describing Rule 12.1 as a "procedure [that] provides an efficient means of resolving an issue on appeal that the district court is willing to render moot").

6. Plaintiffs' proposed course of action would not delay this appeal. Defendants' complaints of "significant prejudice" from delay are therefore misplaced. A limited remand need not take long, given that the district court has indicated its readiness to rule on Plaintiffs' motion for class-wide relief. Once the case returns to this Court from remand, the Court can issue an expedited briefing schedule solely on the new issues presented by the new injunction, while keeping the existing argument date. Fed. R. App. P. 31(a)(2). Refusing a limited remand, by contrast, could lead to protracted, piecemeal litigation. For example, if this Court were to agree with the district court that Plaintiffs are likely to prevail on the merits of their challenge to the Executive Order, but conclude that the scope of the district court's February injunction was overbroad, then Plaintiffs would likely again ask the district court on remand to issue a class-wide injunction, triggering a new appeal and new round of full briefing. Rule 12.1 is meant to prevent such inefficiency. As the district court noted, "[a]n immediate ruling by [the district court] on the pending motion for a class-wide preliminary injunction would promote judicial efficiency and economy because it

would enable the Fourth Circuit to consider the merits of a class-wide preliminary injunction sooner rather than later." *CASA, Inc. v. Trump*, No. 25-cv-201-DLB, 2025 WL 1952521, at *5 (D. Md. July 16, 2025).

For these reasons, Plaintiffs-Appellees respectfully request that the Court grant their Motion for Limited Remand and deny Defendants-Appellants' Cross-Motion to Hold Plaintiffs' Motion in Abeyance.

Respectfully submitted this 28th day of July, 2025.

Ama S. Frimpong
CASA, INC.
8151 15th Avenue
Hyattsville, MD 20783
(240) 485-8844
afrimpong@wearecasa.org

Conchita Cruz
Jessica Hanson
Zachary Manfredi
Dorothy Tegeler
Leidy Perez
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 600-9910
conchita.cruz@asylumadvocacy.org
jessica.hanson@asylumadvocacy.org
zachary.manfredi@asylumadvocacy.org
dorothy.tegeler@asylumadvocacy.org
leidy.perez@asylumadvocacy.org

/s/ William Powell
William Powell
Mary B. McCord
Rupa Bhattacharyya
Joseph W. Mead
Alexandra Lichtenstein
Gregory Briker
INSTITUTE FOR CONSTITUTIONAL
  ADVOCACY AND PROTECTION
GEORGETOWN LAW
600 New Jersey Ave. NW
Washington, D.C. 20001
Phone: (202) 661-6629
Fax: (202) 661-6730
whp25@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
jm3468@georgetown.edu
arl48@georgetown.edu
gb954@georgetown.edu

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ William Powell
William Powell
Counsel for Plaintiffs-Appellees